UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)
www.flsb.uscourts.gov

IN RE:                                            CASE NO. 07-19187-BKC-RAM

PHARMED GROUP HOLDINGS INC.,
et al.,

     Debtors.

_____/

PHARMED GROUP HOLDINGS, INC.,              ADV. PR. NO. 08-01828-BKC-RAM-A
by and through CLEAR THINKING GROUP
IN THE PERSON OF JOSEPH E. MYERS,
Plan Administrator pursuant to the confirmed
Second Amended Joint Liquidating Plan
of the Debtors and the Joint Committee
of Creditors Holding Unsecured Claims,

     Plaintiffs,

v.

BERTIN J. PEREZ, CARLOS M. DE
CESPEDES, CARLOS CESPEDES
IRREVOCABLE TRUST, JORGE L.
DE CESPEDES, JORGE CESPEDES
IRREVOCABLE TRUST, BRUCE PAUL,
LAWRENCE RICHARDSON, LEOPOLDO
A. GARCIA, BERTIN HENRY PEREZ, and
MARIA LUIS PEREZ as Co-Trustees under
the BERTIN J. PEREZ IRREVOCABLE
TRUST, WILLIAM A. BALDWIN,
JAMES OLIVER, ALEJANDRO LAZARO,
LAZARO R. SANCHEZ, and OLEDIN
FERNANDEZ,

     Defendants.

_____/

**DEFENDANTS CARLOS M. DE CESPEDES, CARLOS CESPEDES
IRREVOCABLE TRUST, JORGE L. DE CESPEDES, AND JORGE
CESPEDES IRREVOCABLE TRUST'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT PURSUANT TO STATUTE OF LIMITATIONS**

**and**

ADV. PR. NO. 08-01828-BKC-RAM

**JOINDER IN CO-DEFENDANTS' MOTION AND INCORPORATED
MEMORANDUM OF LAW TO DISMISS THE AMENDED ADVERSARY
COMPLAINT FOR LACK OF STANDING AND LACK OF SUBJECT
MATTER JURISDICTION PURSUANT TO RULE 12(b)(1), FED. R. CIV. P.
AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED PURSUANT TO RULE 12(b)(6), FED. R. CIV. P.**

**and**

**PARTIAL JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS
THE AMENDED ADVERSARY COMPLAINT FOR FAILURE TO STATE
A CLAIM PURSUANT TO RULE 12(b)(6) and 9(b), FED. R. CIV. P.
AND PURSUANT TO THE DOCTRINE OF *IN PARI DELICTO***

**and**

**ANSWER, DEFENSES, AFFIRMATIVE DEFENSES AND JURY
DEMAND TO FIRST AMENDED ADVERSARY COMPLAINT**

Defendants, Carlos M. de Cespedes, Carlos Cespedes Irrevocable Trust, Jorge L. de

Cespedes, Jorge Cespedes Irrevocable Trust (collectively the "Cespedes Defendants"), by and

through undersigned counsel, hereby file and serve their (i) Motion to Dismiss First Amended

Complaint Pursuant to Statute of Limitations, (ii) Joinder in Co-Defendants' *Motion and

Incorporated Memorandum of Law to Dismiss the Amended Adversary Complaint for Lack of

Standing and Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1), Fed. R. Civ. P. and

Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6), Fed. R.

Civ. P.*, (iii) Partial Joinder in Co-Defendants' *Motion to Dismiss the Amended Adversary

Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6) and 9(b), Fed. R. Civ. P. and

Pursuant to the Doctrine of in Pari Delicto*, and (iv) Answer, Defenses, Affirmative Defenses

and Jury Demand in response to Plaintiff's First Amended Adversary Complaint (the "Amended

Complaint"), and state as follows:

2

ADV. PR. NO. 08-01828-BKC-RAM

## MOTION TO DISMISS PURSUANT
## TO STATUTE OF LIMITATIONS

The claims alleged in the Amended Complaint seeking to avoid and recover, or which are otherwise based on, transfers to the Defendants prior to October 26, 2003 are, on their face, barred by the applicable statutes of limitations and/or the doctrine of latches, and thus must be dismissed with prejudice. *See* Del. Code. Ann. Tit. 6, § 1309; *In the Matter of Mediators, Inc.*, 190 B.R. 515, 526 (S.D.N.Y. 1995) (dismissing four fraudulent transfer claims brought pursuant to 11 U.S.C. § 544 on grounds that such claims were untimely filed under the applicable statute of limitations). Such claims were extinguished prior to the date that Pharmed Group Holdings, Inc. and its affiliates (collectively, "Pharmed") filed their bankruptcy petitions on October 26, 2007 (the "Petition Date"), and thus more than one year prior to the commencement of this Adversary Proceeding on December 8, 2008. Accordingly, Plaintiff is barred from bringing such claims against any of the Defendants.

In particular, an action to avoid transfers under 11 U.S.C. § 544 and Del. Code Ann. Tit. 6, § 1304(a)(1) (Count I) and to recover such transfers under 11 U.S.C. § 550 (Count IV), must be brought "within 4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant." *See* Del. Code. Ann. Tit. 6, § 1309. As set forth in the Amended Complaint, many of the transfers sought to be avoided in Count I and recovered in Count IV (*i.e.*, the 1st Quarter 2003 Dividends for the sum of $18,119,459.47, the 2nd Quarter 2003 Dividends for the sum of $11,400,368.80, and the 3rd Quarter 2003 Dividends for the sum of $4,763,588.81), were all made more than 4 years prior to the Petition Date. *See* Amended Complaint, ¶ 36 and Exhibits C, D & E.[1] Plaintiff and his predecessors-in-interest (*i.e.*, Pharmed's creditors) knew of

---

[1] Defendants do not admit or concede the truthfulness, accuracy or authenticity of any of the documents attached as Exhibits to the Amended Complaint.

DAMIAN & VALORI LLP 1000 BRICKELL AVENUE, SUITE 1020, MIAMI, FLORIDA 33131 • T: 305.371.3960 • F: 305.371.3965

or reasonably should have discovered the transfers as of the Petition Date, or at the very latest when Pharmed filed its Bankruptcy Schedules and Statement of Financial Affairs on November 26, 2007. Plaintiff, however, did not bring this action until December 8, 2008 – *after* the latest possible date that they could have brought the action, more than 1 year *after* they knew or should have known of such claim *after* the expiration of the 4-year statute of limitations. Therefore, Count I, and Count IV to the extent it applies to the avoidance sought in Count I, must be dismissed with prejudice as barred by the statute of limitations, to the extent they seek to avoid and recover transfers that were made prior to October 26, 2003. *See* Del. Code. Ann. Tit. 6, § 1309; *In the Matter of Mediators, Inc.*, 190 B.R. at 526.

Similarly, an action to avoid transfers under Del. Code Ann. Tit.. 6, § 1304(a)(2) and 1305(a) (Count II), and to recover such transfers under 11 U.S.C. § 550 (Count IV), must be brought within 4 years after the transfer was made. There is no additional period for discovery of such claims. *See* Del. Code. Ann. Tit. 6, § 1309. As alleged in the Amended Complaint, many of the transfers sought to be avoided in Count II and recovered in Count IV (*i.e.*, the 1st Quarter 2003 Dividends for the sum of $18,119,459.47, the 2nd Quarter 2003 Dividends for the sum of $11,400,368.80, and the 3rd Quarter 2003 Dividends for the sum of $4,763,588.81) were made prior to the Petition Date. *See* Amended Complaint, ¶ 36 and Exhibits C, D & E. Accordingly, Count II, and Count IV to the extent it applies to the avoidance sought in Count II, is barred by the applicable statute of limitations and, thus, must be dismissed with prejudice to the extent they seek to avoid and recover transfers made prior to October 26, 2003. *See* Del. Code. Ann. Tit. 6, § 1309; *In the Matter of Mediators, Inc.*, 190 B.R. at 526.

**DAMIAN & VALORI LLP** 1000 BRICKELL AVENUE, SUITE 1020, MIAMI, FLORIDA 33131 • T: 305.371.3960 • F: 305.371.3965

（

ADV. PR. NO. 08-01828-BKC-RAM

**JOINDER IN CO-DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO DISMISS THE AMENDED ADVERSARY COMPLAINT FOR LACK OF STANDING AND LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(b)(1), FED. R. CIV. P. AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(b)(6), FED. R. CIV. P.NATURE OF THE ACTION**

On April 20, 2009, Defendants Bertin J. Perez, Bruce Paul, Lawrence Richardson, Leopoldo A. Garcia, Bertin Henry Perez and Maria Luisa Perez, as Co-Trustees under the Bertin J. Perez Irrevocable Trust, William A. Baldwin, James Oliver, Lazaro R. Sanchez, and Oledin Fernandez (collectively, "Co-Defendants") filed a *Motion and Incorporated Memorandum of Law to Dismiss the Amended Adversary Complaint for Lack of Standing and Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1), Fed. R. Civ. P. and Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6), Fed. R. Civ. P.* ("Co-Defendants' April 20, 2009 Motion to Dismiss").  Co-Defendants' April 20, 2009 Motion to Dismiss was assigned Court Paper 49 by the Clerk of the Court and is still pending before this Court.

The Cespedes Defendants hereby join in Co-Defendants' April 20, 2009 Motion to Dismiss [C.P. 49], pursuant to the Federal Rules of Civil Procedure, and assert the grounds for dismissal set forth therein as if the Cespedes Defendants had filed such motion on their own behalf.

**PARTIAL JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS THE AMENDED ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) and 9(b), FED. R. CIV. P. AND PURSUANT TO THE DOCTRINE OF *IN PARI DELICTO***

On April 24, 2009, Co-Defendants filed a *Motion to Dismiss the Amended Adversary Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6) and 9(b), Fed. R. Civ. P. and Pursuant to the Doctrine of in Pari Delicto* ("Co-Defendants' April 24, 2009 Motion to

5

Dismiss"). Co-Defendants' April 24, 2009 Motion to Dismiss was assigned Court Paper 55 by the Clerk of the Court and is still pending before this Court.

The Cespedes Defendants hereby partially join in Co-Defendants' April 24, 2009 Motion to Dismiss [C.P. 55], pursuant to the Federal Rules of Civil Procedure, and assert the grounds for dismissal set forth in all sections thereof except subsections III.C. and III.D., as if the Cespedes Defendants had filed such motion and asserted such grounds on their own behalf.[2]

To the extent the Court denies in whole or in part Co-Defendants' April 20, 2009 Motion to Dismiss [C.P. 49] and/or Co-Defendants' April 24, 2009 Motion to Dismiss [C.P. 55], the Cespedes Defendants file the following Answer, Defenses and Affirmative Defenses.

## ANSWER

1.      The Cespedes Defendants admit that Plaintiff's claim seeks the requested relief, and deny that Plaintiff is entitled to any relief requested and deny all remaining allegations in Paragraph 1 of the Complaint.

2.      The Cespedes Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      The Cespedes Defendants deny the allegations contained in Paragraph 3 of the Complaint.

---

[2] In joining in the grounds for dismissal asserted in subsection III.B.2. of Co-Defendants' April 24, 2009 Motion to Dismiss, the Cespedes Defendants do not admit or concede the truthfulness or accuracy of any allegation in the Amended Complaint regarding any allegedly fraudulent conduct, activity or scheme by or involving the Cespedes Defendants, and, in fact, the Cespedes Defendants expressly deny any such allegation.

6

ADV. PR. NO. 08-01828-BKC-RAM

## JURISDICTION

4.       The Cespedes Defendants admit that Plaintiff's claim seeks the requested relief, and deny that Plaintiff is entitled to any relief requested and deny all remaining allegations in Paragraph 4 of the Complaint.

5.       The Cespedes Defendants deny that this Court has subject matter jurisdiction of this action. *See* Defenses and Affirmative Defenses, Nos. 4-7, *infra*; Motion to Dismiss Pursuant to Statute of Limitations, *supra*, and Co-Defendants' Motion to Dismiss [C.P. 49].

6.       The allegations contained in Paragraph 6 are vague, and, therefore, the Cespedes Defendants deny all such allegations.

7.       The Cespedes Defendants admit the allegation contained in Paragraph 7 of the Complaint.

8.       The Cespedes Defendants admit that this is a core proceeding, but deny that Plaintiff's have standing to pursue the alleged claims, and deny that this Court has subject matter jurisdiction of this action. *See* Defenses and Affirmative Defenses, Nos. 4-7, *infra*; Motion to Dismiss Pursuant to Statute of Limitations *supra*, and Co-Defendants' Motion to Dismiss [C.P. 49].

9.       The Cespedes Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.       The Cespedes Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.       The Cespedes Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.       The First sentence of Paragraph 12 of the Complaint refers to and characterizes a document referred to as the "Plan" which speaks for itself; therefore the Cespedes Defendants

7

deny all such allegations.    The Cespedes Defendants are without knowledge regarding the allegations contained in the second sentence of Paragraph 12 and, therefore, deny all such allegations.

13.    The Cespedes Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.    The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 14 of the Complaint and, therefore, deny all such allegations.

15.    The Cespedes Defendants admit that Carlos M. de Cespedes is a resident of the state of Florida and was, at certain times, the Company's Chief Executive Officer and a director and shareholder of the Company.    The Cespedes Defendants denies the remaining allegations in Paragraph 15 of the Complaint.

16.    The Cespedes Defendants admit that Jorge L. de Cespedes is a resident of the state of Florida and was, at certain times, the Company's President and a director and shareholder of the Company.    The Cespedes Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.    The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 17 of the Complaint and, therefore, deny all such allegations.

18.    The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 18 of the Complaint and, therefore, deny all such allegations.

19.    The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 19 of the Complaint and, therefore, deny all such allegations.

20.    The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 20 of the Complaint and, therefore, deny all such allegations.

21.     The Cespedes Defendants admit that the Carlos de Cespedes Irrevocable Trust was a trust governed under the laws of the state of Florida and that Carlos M. de Cespedes was the settler of that Trust. The Cespedes Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.     The Cespedes Defendants admit that the Jorge de Cespedes Irrevocable Trust was a trust governed under the laws of the state of Florida and that Jorge L. de Cespedes was the settler of that Trust. The Cespedes Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 23 of the Complaint and, therefore, deny all such allegations.

24.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 24 of the Complaint and, therefore, deny all such allegations.

25.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 25 of the Complaint and, therefore, deny all such allegations.

26.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 26 of the Complaint and, therefore, deny all such allegations.

27.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 27 of the Complaint and, therefore, deny all such allegations.

28.     The Cespedes Defendants admit that Carlos M. de Cespedes and Jorge L. de Cespedes were on the Board of Directors of the Company and deny all remaining allegations in Paragraph 28 of the Complaint.

**DAMIAN & VALORI LLP** 1000 BRICKELL AVENUE, SUITE 1020, MIAMI, FLORIDA 33131 • T: 305.371.3960 • F: 305.371.3965

ADV. PR. NO. 08-01828-BKC-RAM

## FACTUAL BACKGROUND

29.     The Cespedes Defendants admit the allegations contained in the first sentence of Paragraph 29 of the Complaint and deny the allegations contained in the remaining sentences of that Paragraph.

30.     The Cespedes Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     The Cespedes Defendants deny the allegations contained in the first Paragraph 31 of the Complaint.  The Cespedes Defendants are without sufficient knowledge to respond to the remaining allegations contained in Paragraph 31 and, therefore, deny all such allegations.

32.     The Cespedes Defendants deny the allegations contained in the first sentence of Paragraph 32 to respond thereto; therefore, the Cespedes Defendants deny all such allegations. The Cespedes Defendants are without sufficient knowledge to respond to the remaining allegations contained in Paragraph 32, some of which refer to and characterize "Plea Agreements" attached to the Complaint, which speak for themselves; therefore, the Cespedes Defendants deny the remaining allegations contained in Paragraph 32.

33.     The Cespedes Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     The Cespedes Defendants deny the allegations contained in Paragraph 34, some of which refer to and characterize Consolidating Balance Sheets, attached to Complaint, which speak for themselves.

35.     The Cespedes Defendants deny the allegations contained in Paragraph 35, some of which refer to and characterize the Consolidating Statement of Operations for the Year ended December 31, 2005, attached to the Complaint, which speaks for itself.

DAMIAN & VALORI LLP 1000 BRICKELL AVENUE, SUITE 1020, MIAMI, FLORIDA 33131 • T: 305.371.3960 • F: 305.371.3965

36.    The Cespedes Defendants admit that the Company paid certain cash dividends in 2003 and 2004, and deny the remaining allegations contained in Paragraph 36 of the Complaint.

37.    The Cespedes Defendants admit that the Company entered into certain stock redemption agreements with certain shareholders and deny the remaining allegations contained in Paragraph 37 of the Complaint, some of which refer to and characterize certain "Stock Redemption Agreements", which speak for themselves.

38.    The Cespedes Defendants deny the allegations contained in Paragraph 38 of the Complaint.

## COUNT I
## AVOIDANCE OF DIVIDENT PAYMENTS
## AS ACTUAL FRAUDULENT CONVEYANCES
## PURSUANT TO 11 U.S.C. § 544(b) and DEL. CODE ANN. TIT. 6, § 1304(a)(1)
### (Against All Defendants)

As set forth above, this Count should be dismissed because it is barred by the applicable statute of limitations.

39.    The Cespedes Defendants re-assert their answers to paragraphs 1-38 of the Complaint, as set forth in paragraphs 1-38 of this Answer.

40.    The Cespedes Defendants admit that the Company made, and the Cespedes Defendants received, certain dividend payments and are without knowledge regarding the remaining allegations contained in Paragraph 40 of the Complaint.

41.    The Cespedes Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.    The Cespedes Defendants admit that Jorge de Cespedes and Carlos de Cespedes were officers and/or directors of the Company.  The Cespedes Defendants deny the remaining

11

ADV. PR. NO. 08-01828-BKC-RAM

allegations contained in Paragraph 42 of the Complaint, some of which refer to and characterize a Delaware statute which speaks for itself.

43.     The Cespedes Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint states legal conclusions that do not require a response by the Cespedes Defendants and refers to and characterizes statutes that speak for themselves.   To the extent Paragraph 44 contains any factual allegations, the Cespedes Defendants deny all such allegations.

**COUNT II**
**AVOIDANCE OF 4TH QUARTER 2003 DIVIDENDS, 1ST QUARTER 2004**
**DIVIDENDS, 2ND QUARTER 2004 DIVIDENDS, AND STOCK REDEMPTION**
**PAYMENTS AS CONSTRUCTIVE FRAUDULENT CONVEYANCES**
**PURSUANT TO 11 U.S.C. § 544(b) AND DEL. ANN. TIT. 6, §§ 1304(a)(2), 1305(a)**
*(Against All Defendants)*

As set forth above, this Count should be dismissed because it is barred by the applicable statute of limitations.

45.     The Cespedes Defendants re-assert their answers to paragraphs 1-38 of the Complaint, as set forth in paragraphs 1-38 of this Answer.

46.     The Cespedes Defendants admit that the Company paid, and the Cespedes Defendants received, certain dividends and stock redemption payments and are without knowledge regarding the remaining allegations contained in Paragraph 46 of the Complaint.

47.     The Cespedes Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     The Cespedes Defendants deny the allegations contained in Paragraph 48 of the Complaint.

**DAMIAN & VALORI LLP** 1000 Brickell Avenue, Suite 1020, Miami, Florida 33131 • T: 305.371.3960 • F: 305.371.3965

49.     The Cespedes Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint states legal conclusions that do not require a response by the Cespedes Defendants and refers to and characterizes statutes that speak for themselves.     To the extent Paragraph 50 contains any factual allegations, the Cespedes Defendants deny all such allegations.

### COUNT III
### THE DIVIDEND PAYMENTS WERE UNLAWFUL AND AVOIDABLE UNDER 11 U.S.C. § 544(b) and DEL. CODE ANN. TIT. 8, §§ 160, 170, 174(a)
*(Against All Defendants)*

51.     The Cespedes Defendants re-assert their answers to paragraphs 1-38 of the Complaint, as set forth in paragraphs 1-38 of this Answer.

52.     The Cespedes Defendants admit that the Company made, and the Cespedes Defendants received, certain dividend payments, and are without knowledge regarding the remaining allegations contained in Paragraph 52 of the Complaint.

53.     The Cespedes Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     The Cespedes Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     The Cespedes Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     The Cespedes Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     The Cespedes Defendants deny the allegations contained in Paragraph 57 of the Complaint.

**DAMIAN & VALORI LLP** 1000 BRICKELL AVENUE, SUITE 1020, MIAMI, FLORIDA 33131 • T: 305.371.3960 • F: 305.371.3965

58.     Paragraph 58 of the Complaint states legal conclusions that do not require a response by the Cespedes Defendants and refers to and characterizes statutes that speak for themselves.    To the extent Paragraph 58 contains any factual allegations, the Cespedes Defendants deny all such allegations.

## COUNT IV
## RECOVERY OF AVOIDABLE TRANSFERS
## PURSUANT TO 11 U.S.C. § 550

As set forth above, this Count should be dismissed because it is barred by the applicable statute of limitations.

59.     The Cespedes Defendants re-assert their answers to paragraphs 1-58 of the Complaint, as set forth in paragraphs 1-58 of this Answer.

60.     Paragraph 60 of the Complaint states legal conclusions that do not require a response by the Cespedes Defendants and refers to and characterizes a statute that speaks for itself.    To the extent Paragraph 60 contains any factual allegations, the Cespedes Defendants deny all such allegations.

## COUNT V
## THE DIVIDEND PAYMENTS WERE UNLAWFUL IN VIOLATION OF
## DEL. CODE ANN. TIT. 8, §§ 160, 170, 174(a)
### (Against Directors Perez, Carlos de Cespedes, and Jorge de Cespedes)

61.     The Cespedes Defendants re-assert their answers to paragraphs 1-58 of the Complaint, as set forth in paragraphs 1-58 of this Answer.

62.     The Cespedes Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     The Cespedes Defendants deny the allegations contained in Paragraph 63 of the Complaint.

14

64.     The Cespedes Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     The Cespedes Defendants deny the allegations contained in Paragraph 65 of the Complaint.

## GENERAL DENIAL

The Cespedes Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted and, thus, should be dismissed.

2.     The claims alleged in Counts I, II and IV of the Complaint should be dismissed because they fail to "state with particularity the circumstances constituting fraud . . . .", as required under Federal Rule of Civil Procedure 9(b), as incorporated by Federal Rule of Bankruptcy Procedure 7009(b). *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66 (2007) (determining that a plaintiff must allege specific facts that "plausibly suggest[]" that the defendant violated the law in order to survive a motion to dismiss); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008); *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1370-71 (11th Cir. 1997); *O.P.M. Leasing Services, Inc. v. Zimmerman*, 32 B.R. 199, 203-204 (S.D.N.Y. 1983) (quoting *In re Hart*, 461 F. Supp. 328, 330 (E.D. Ark. 1978) ("fair notice requires something more than a quotation from the statute").

3.     All of the claims alleged in the Complaint (collectively, the "Claims") are barred by the applicable statutes of limitations and/or latches given Plaintiff's failure to timely assert

ADV. PR. NO. 08-01828-BKC-RAM

them after having notice of the transfers at issue. *See* Del. Code Ann. Tit. 6, § 1309; Del. Code Ann. Tit. 8. Plaintiff's claims to avoid and recover certain of the transfers at issue in Counts I, II and IV of the Complaint should be dismissed because such claims were extinguished prior to the filing of the Complaint, pursuant to the applicable statute of limitations, as more fully set forth in the Motion to Dismiss Pursuant to Statute of Limitations, *supra*. *See* Del. Code Ann. Tit. 6, § 1309; *In the Matter of Mediators, Inc.*, 190 B.R. 515, 526 (S.D.N.Y. 1995) (dismissing four fraudulent transfer claims brought pursuant to 11 U.S.C. § 544 on grounds that such claims were untimely filed under the applicable statute of limitations).

4.      Plaintiff lacks standing to bring the Claims alleged in Counts III and V of the Complaint because the Company (as defined in the Complaint) has no right of action under Del. Code Ann. Tit. 8, §§ 160, 170 or 174(a) to rescind or otherwise undo stock redemptions or dividend payments to shareholders and to recover amounts paid to those shareholders pursuant thereto.

5.      Plaintiff lacks standing to bring the Claims alleged in Counts III and V of the Complaint because the *Second Amended Joint Liquidating Chapter 11 Plan of the Debtors and the Joint Committee of Creditors Holding Unsecured Claims* (the "Plan") and the *Disclosure Statement in Connection with the Second Amended Joint Liquidating Chapter 11 Plan of the Debtors and the Joint Committee of Creditors Holding Unsecured Claims* (the "Disclosure Statement") do not:  (i) grant Plaintiff the authority to bring claims pursuant to Del. Code Ann. Tit. 8, §§ 160, 170 or 174(a); (ii) adequately disclose Plaintiff's authority to bring such claims; and (iii) identify the Cespedes Defendants as potential targets to Avoidance Claims (as defined in the Plan and Disclosure Statement).

6.      Plaintiff lacks standing to bring the claims alleged in Counts I, II, and IV of the Complaint because, under Del. Code Ann. Tit. 6, § 1307, only a creditor may seek the avoidance

DAMIAN & VALORI LLP 1000 BRICKELL AVENUE, SUITE 1020, MIAMI, FLORIDA 33131 • T: 305.371.3960 • F: 305.371.3965

ADV. PR. NO. 08-01828-BKC-RAM

of a transfer or obligation pursuant to Del. Code Ann. Tit. 6, §§ 1301, *et seq.*, and Plaintiff, as a post-confirmation debtor is neither a creditor of the Company nor authorized to stand in the shoes, or assert claims on behalf, of any of the Company's creditors.

      7.    The Claims are barred by the doctrine of *res judicata* because they should have been brought prior to the confirmation of the Plan when all claims and issues related to the Debtors and their rights and liabilities were finally resolved, and such claims were not expressly reserved under the Plan or the Disclosure Statement for Plaintiff, the creditors, or any other party to pursue post-confirmation to avoid the application of *res judicata*. *See Sure-Snap Corp. v. Bradford National Bank*, 128 B.R. 885, 889 (D. Vt. 1991) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (discussing doctrine of *res judicata*); *see also* 11 U.S.C. § 1123(b)(3). All four elements of *res judicata* are satisfied here: (i) confirmation order was entered by court of competent jurisdiction, (ii) confirmation order is a final judgments judgment on the merits; (iii) Plaintiff's and Defendants respective privies were parties to the confirmation proceeding (Plaintiff is privy of Creditors' Committee and Defendants are privies of the Debtors); and (iv) both the instant action and the confirmation proceeding involve the distribution of the Debtors' prepetition assets and resolution of their rights and liabilities. *See Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002) (citing *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 463 (6th Cir. 1991)) (finding that confirmation has the effect of a final judgment on all issues that were raised or could have been raised in the confirmation proceedings).

      General retention clauses, like those in the Plan and the Disclosure Statement, do not suffice to avoid the barring effect of *res judicata*. *See Browning*, 283 F.3d at 774-75; *Kelley v. South Bay Bank (In re Kelley)*, 199 B.R. 698, 704 (9th Cir. 1996). To sufficiently reserve a claim, the cause of action must be specifically identified and must, at the very least, name the

**DAMIAN & VALORI LLP** 1000 Brickell Avenue, Suite 1020, Miami, Florida 33131 • T: 305.371.3960 • F: 305.371.3965

ADV. PR. NO. 08-01828-BKC-RAM

prospective defendant and state the factual basis for the purported claim. *See D&K Properties Crystal Lake v. Mutual Life Ins. Co. of New York*, 112 F. 3d 257, 261 (7th Cir. 1996); *Browning*, 283 F.3d at 775 (noting that blanket reservations neither name the defendant nor state the factual basis for the reserved claims); *Kelley*, 199 B.R. at 704 (holding that a plan and disclosure statement failed to adequately retain a cause of action, even where the disclosure statement specifically mentioned the possibility of a cause of action against the defendant, because none of the facts giving rise to the cause of action were disclosed); SouthTrust Bank, N.A. v. WCI Outdoor Products, Inc. (In the Matter of Huntsville Small Engines, Inc.), 228 B.R. 9, 13-14 (N.D. Ala. 1998) (holding that debtor's failure to disclose the potential cause of action against the defendant was "misleading" and "ineffective" to retain alleged preference actions); In re Crowley, Milner and Co., 299 B.R. 830, 850 (E.D. Mich. 2003) (noting that the plan neither named the defendant nor described the factual basis for the claim). Because the retention clauses in the Plan and the Disclosure Statement do not expressly name any of the Claims, the facts underlying those claims, or the Cespedes Defendants as potential defendants, they do not avoid the barring effect of *res judicata* and, thus, the confirmation order bars those Claims pursuant to that doctrine.

8.      The Claims are barred, pursuant to Del. Code Ann. Tit. 8, § 160(a)(1), to the extent that, with respect to the stock redemptions at issue, the Company purchased or redeemed out of capital any of the its own shares which were entitled upon any distribution of its assets, whether by dividend or in liquidation, to a preference over another class or series of its stock, or if no shares entitled to such a preference were outstanding, any of its own shares, if such shares were to be retired upon their acquisition and the capital of the Company reduced in accordance with Del Code Ann. Tit. 8, §§ 243 and 244.

**DAMIAN & VALORI LLP** 1000 BRICKELL AVENUE, SUITE 1020, MIAMI, FLORIDA 33131 • T: 305.371.3960 • F: 305.371.3965

ADV. PR. NO. 08-01828-BKC-RAM

9.      The Claims are barred to the extent the dividend payments and/or stock redemptions at issue were transacted through a securities broker. *See PHP Liquidating, LLC v. Robbins*, 291 B.R. 603 (D. Del. 2003), *affirmed* 128 Fed. Appx. 839, 2005 WL 488785 (3d Cir. 2005).

10.      At the time that the Company made the Dividend Payments and the Stock Redemption Payments (as those terms are defined in the Complaint) to the Cespedes Defendants that Plaintiff seeks to avoid and recover as fraudulent and/or otherwise improper transfers (collectively, the "Transfers"), the Company did not have creditors with allowable claims.

11.      The Company did not make the Transfers with the actual intent to hinder, delay, or defraud the Company's creditors.  Rather, the Company made the Transfers (i) before the Cespedes Defendants provided new value to or for the benefit of the Company, (ii) in the ordinary course of business or financial affairs of the Company and the Cespedes Defendants, as insiders of the Company, and/or (iii) pursuant to a good-faith effort to rehabilitate the Company and the Transfers secured present value given for that purpose as well as an antecedent debt of the Company.

12.      The Company neither was insolvent, as defined under Del. Code. Ann. Tit. 6, §1302 and all other applicable definitions thereof, on the dates the Company made the Transfers, nor became insolvent as a result of those Transfers.

13.      The Company made the Transfers in good faith and in exchange for reasonably equivalent value, as defined under Del. Code. Ann. Tit. 6, §1303 and all other applicable definitions thereof, and therefore is barred by Del. Code. Ann. Tit. 6, § 1308(a).

14.      At the time that the Company made the Transfers, the Company (i) was not insolvent and did not become insolvent as a result of those transfers, (ii) was not engaged or about to engage in a business for which remaining assets constituted were unreasonably small in

**DAMIAN & VALORI LLP** 1000 BRICKELL AVENUE, SUITE 1020, MIAMI, FLORIDA 33131 • T: 305.371.3960 • F: 305.371.3965

relation to the business or transaction, and (iii) did not know, intend or believe, and should not have reasonably believed that the debts incurred in its business would be beyond its ability to pay as such debts became due.

15.     Pursuant to Del. Code. Ann. Tit. 6, § 1308(b), to the extent any of the Transfers are avoidable under Del. Code. Ann. Tit. 6, § 1307(a) or any other applicable law, Plaintiff's recovery is limited to the amount necessary to satisfy the claims of the Company's creditors.

16.     Pursuant to Del. Code. Ann. Tit. 6, § 1308(c), to the extent any of the Transfers are avoidable under Del. Code. Ann. Tit. 6, § 1307(a) or any other applicable law, Plaintiff's recovery is limited to the value of assets transferred at the time of the transfers.

17.     Pursuant to Del. Code. Ann. Tit. 6, § 1308(d), to the extent any of the Transfers are avoidable under Del. Code. Ann. Tit. 6 or any other applicable law, the Cespedes Defendants, as good-faith transferees or obligees, are entitled, to the extent of the value they provided to the Company for the Transfers, to: (i) a lien on or a right to retain any interest in the asset transferred; (ii) enforcement of any obligation incurred; and/or (iii) a reduction in the amount of the liability on any judgment entered for avoidance and recovery of the Transfers.

18.     Pursuant to Del. Code. Ann. Tit. 6, § 1308(f)(1), the Transfers are not avoidable under Del. Code. Ann. Tit. 6 or any other applicable law to the extent the Cespedes Defendants, as insiders of the Company, gave new value to or for the benefit of the Company after the Transfers were made.

19.     Pursuant to Del. Code. Ann. Tit. 6, § 1308(f)(2), the Transfers are not avoidable under Del. Code. Ann. Tit. 6 or any other applicable law because they were made in the ordinary course of business or financial affairs of the Company and the Cespedes Defendants, as insiders of the Company.

**DAMIAN & VALORI LLP** 1000 BRICKELL AVENUE, SUITE 1020, MIAMI, FLORIDA 33131 • T: 305.371.3960 • F: 305.371.3965

20.    Pursuant to Del. Code. Ann. Tit. 6, § 1308(f)(3), the Transfers are not avoidable under Del. Code. Ann. Tit. 6 or any other applicable law because they were made pursuant to a good-faith effort to rehabilitate the Company and the Transfers secured present value given for that purpose as well as an antecedent debt of the Company.

21.    At the time that the Company made the Transfers, the value of the Company's assets was more than the aggregate amount of all the shares of the Company's Common Stock; therefore, the Company had a surplus when it made the Transfers, as "surplus" is defined under Del. Code. Ann. Tit. 8, § 154 and any other applicable law.

22.    At the time that the Company made the Transfers, there existed net profits and/or net assets from which the Company could make the Transfers for the fiscal year in which each of the Transfers were made and/or the preceding fiscal year, as "net assets" is defined under Del. Code. Ann. Tit. 8, § 154 and any other applicable law.

23.    At the time that the Company made the Transfers, the Company's capital was not impaired, and the Transfers did not impair the Company's capital, as "capital" is defined under Del. Code. Ann. Tit. 8, § 154 and any other applicable law.

24.    Counts III and V fail to state a claim upon which relief may be granted to the extent they rely on Del. Code Ann. Tit. 8, § 170 to provide relief for allegedly improper payments of dividends. Section 170 does not provide a remedy for payment of dividends made in violation of that section or even in violation of any section under Title 8 of the Delaware Code.

25.    The Transfers were not unlawful or improper pursuant to Del. Code. Ann. Tit. 8, §§ 160, 170 or 174(a), or any other applicable law.

**DAMIAN & VALORI LLP** 1000 BRICKELL AVENUE, SUITE 1020, MIAMI, FLORIDA 33131 • T: 305.371.3960 • F: 305.371.3965

ADV. PR. NO. 08-01828-BKC-RAM

26.     At the time the Cespedes Defendants received the Transfers, they had no knowledge of any facts indicating that the Transfers were unlawful or improper pursuant to Del. Code. Ann. Tit. 8, §§ 160, 170 or 174(a), or any other applicable law.

27.     The Cespedes Defendants did not, in bad faith, redeem any stock underlying the Transfers.

28.     As a direct or proximate result of the Transfers, the Company did not suffer any damages for which Plaintiff is entitled to recover any amount from any of the Cespedes Defendants.

29.     Pursuant to the doctrine of setoff and/or recoupment, the Claims are subject to reduction by the amount of value and/or consideration in the form of services and/or funds that the Cespedes Defendants provided to the Company in exchange for the Transfers or after the Transfers were made.

30.     Pursuant to the doctrine of setoff and/or recoupment, the Claims are subject to a reduction by the amount that the Company owed to the Cespedes Defendants pursuant to their positions as officers, directors and/or shareholders of the Company.

31.     The Claims are barred, pursuant to the business judgment rule, because, with respect to the Stock Redemptions and Dividend Payments, the Cespedes Defendants acted reasonably, in good faith, and in the best interest of the Company, and the Transfers were made in exchange for reasonably equivalent value and/or adequate consideration.

## DEMAND FOR JURY TRIAL

The Cespedes Defendants hereby demand a jury trial on all issues so triable in the above-captioned Adversary Proceeding.  By making this demand for a jury trial, Defendants do not waive any defenses or affirmative defenses that it has asserted in this Adversary Proceeding and

22

ADV. PR. NO. 08-01828-BKC-RAM

do not voluntarily submit to the jurisdiction of the above-captioned Bankruptcy Court or consent

to the Bankruptcy Court conducting the jury trial for this Adversary Proceeding.


Dated: April 27, 2009.
        Miami, Florida.


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 2090-1

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court

for the Southern District of Florida and I am in compliance with the additional qualifications to

practice in this Court as set forth in Local Rule 2090-1(A).


Respectfully submitted,

DAMIAN & VALORI LLP
*Counsel for the Cespedes Defendants*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305.371.3960
Facsimile: 305.371.3965

By: /s Kenneth Dante Murena
    Melanie E. Damian, P.A.
        Florida Bar No. 099392
        Email: mdamian@dvllp.com
    Kenneth Dante Murena, P.A.
        Florida Bar No. 147486
        Email: kmurena@dvllp.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was served on all parties on the

attached **Service List** by electronic notice through the CM-ECF system, on this 27th day of April,

2009.


s/ Kenneth Dante Murena
Kenneth Dante Murena


23

ADV. PR. NO. 08-01828-BKC-RAM

## SERVICE LIST

Scott L. Baena, Esq
   Email: sbaena@bilzin.com
Jay M. Sakalo, Esq.
   Email: jsakalo@bilzin.com
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
*Counsel for Plaintiff*
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: 305.374.7580
Facsimile: 305.374.7593


John H. Genovese, Esq.
   Email: jgenovese@gjb-law.com
David C. Cimo, Esq.
   Email: dcimo@gjb-law.com
GENOVESE JOBLOVE & BATTISTA, P.A.
*Counsel for Defendants, Bertin J. Perez, Bruce Paul,*
  *Lawrence Richardson, Leopoldo A. Garcia, Bertin*
   *Henry Perez and Maria Luis Perez as Co-Trustees*
    *Under the Bertin J. Perez Irrevocable Trust,*
     *William A. Baldwin, and James Oliver*
Bank of America Tower
100 Southeast 2nd Street, 44th Floor
Miami, Florida 33131
Telephone: 305.349.2300
Facsimile: 305.349.2310


Silvio Amico, Esq.
   Email: silvioam@bellsouth.net
*Counsel for Defendant, Alejandro Lazaro*
6401 Southwest 87th Avenue, Suite 120
Miami, Florida 33173
Telephone: 305.596.4774
Facsimile: 305.596.3812

**DAMIAN & VALORI LLP** 1000 BRICKELL AVENUE, SUITE 1020, MIAMI, FLORIDA 33131 • T: 305.371.3960 • F: 305.371.3965