UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)
www.flsb.uscourts.gov

IN RE:                                              CASE NO. 07-19187-BKC-RAM

PHARMED GROUP HOLDINGS INC.,
*et al.*,

       Debtors.

_____/

PHARMED GROUP HOLDINGS, INC.,                       ADV. PR. NO. 08-01828-BKC-RAM-A
by and through CLEAR THINKING GROUP
IN THE PERSON OF JOSEPH E. MYERS,
Plan Administrator pursuant to the confirmed
Second Amended Joint Liquidating Plan
of the Debtors and the Joint Committee
of Creditors Holding Unsecured Claims,

       Plaintiffs,

v.

BERTIN J. PEREZ, CARLOS M. DE
CESPEDES, CARLOS CESPEDES
IRREVOCABLE TRUST, JORGE L.
DE CESPEDES, JORGE CESPEDES
IRREVOCABLE TRUST, BRUCE PAUL,
LAWRENCE RICHARDSON, LEOPOLDO
A. GARCIA, BERTIN HENRY PEREZ, and
MARIA LUIS PEREZ as Co-Trustees under
the BERTIN J. PEREZ IRREVOCABLE
TRUST, WILLIAM A. BALDWIN,
JAMES OLIVER, ALEJANDRO LAZARO,
LAZARO R. SANCHEZ, and OLEDIN
FERNANDEZ,

       Defendants.

_____/

**DEFENDANTS CARLOS M. DE CESPEDES, CARLOS CESPEDES
IRREVOCABLE TRUST, JORGE L. DE CESPEDES, AND JORGE CESPEDES
IRREVOCABLE TRUST'S ANSWER, DEFENSES, AFFIRMATIVE DEFENSES
<u>AND JURY DEMAND TO SECOND AMENDED ADVERSARY COMPLAINT</u>**

Defendants, Carlos M. de Cespedes, Carlos Cespedes Irrevocable Trust, Jorge L. de Cespedes, Jorge Cespedes Irrevocable Trust (collectively the "Cespedes Defendants"), by and through undersigned counsel, hereby file and serve their Answer, Defenses, Affirmative Defenses and Jury Demand, without submitting to the jurisdiction of the Bankruptcy Court,[1] and as to each correspondingly numbered paragraph Plaintiff's First Amended Adversary Complaint (the "Complaint"), state as follows:

## NATURE OF THE ACTION

1.      The Cespedes Defendants admit that Plaintiff's claim seeks the requested relief, and deny that Plaintiff is entitled to any relief requested and deny all remaining allegations in Paragraph 1 of the Complaint.

2.      The Cespedes Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      The Cespedes Defendants deny the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION

4.      The Cespedes Defendants admit that Plaintiff's claim seeks the requested relief, and deny that Plaintiff is entitled to any relief requested and deny all remaining allegations in Paragraph 4 of the Complaint.

5.      The Cespedes Defendants admit that this Court has jurisdiction over the subject matter of this action.

6.      The allegations contained in Paragraph 6 are vague, and, therefore, the Cespedes Defendants deny all such allegations.

---

[1]  The Cespedes Defendants herein demand a jury trial and may separately move to withdraw the Bankruptcy Court's reference so that the District Court can conduct a jury trial on all issues so triable.

ADV. PR. NO. 08-01828-BKC-RAM

7.      The Cespedes Defendants admit the allegation contained in Paragraph 7 of the Complaint for jurisdictional purposes only.

8.      The Cespedes Defendants admit that this is a core proceeding for jurisdictional purposes only, but deny that Plaintiff's have standing to pursue the alleged claims.

**<u>PARTIES</u>**

9.      The Cespedes Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.     The Cespedes Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.     The Cespedes Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.     The First sentence of Paragraph 12 of the Complaint refers to and characterizes a document referred to as the "Plan" which speaks for itself; therefore the Cespedes Defendants deny all such allegations.  The Cespedes Defendants are without knowledge regarding the allegations contained in the second sentence of Paragraph 12 and, therefore, deny all such allegations.

13.     The Cespedes Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 14 of the Complaint and, therefore, deny all such allegations.

15.     The Cespedes Defendants admit that Carlos M. de Cespedes is a resident of the state of Florida and was, at certain times, the Company's Chief Executive Officer and a director and shareholder of the Company.  The Cespedes Defendants denies the remaining allegations in Paragraph 15 of the Complaint.

16.     The Cespedes Defendants admit that Jorge L. de Cespedes is a resident of the state of Florida and was, at certain times, the Company's President and a director and shareholder of the Company.  The Cespedes Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 17 of the Complaint and, therefore, deny all such allegations.

18.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 18 of the Complaint and, therefore, deny all such allegations.

19.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 19 of the Complaint and, therefore, deny all such allegations.

20.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 20 of the Complaint and, therefore, deny all such allegations.

21.     The Cespedes Defendants admit that the Carlos de Cespedes Irrevocable Trust was a trust governed under the laws of the state of Florida and that Carlos M. de Cespedes was the settler of that Trust.  The Cespedes Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.     The Cespedes Defendants admit that the Jorge de Cespedes Irrevocable Trust was a trust governed under the laws of the state of Florida and that Jorge L. de Cespedes was the settler of that Trust.  The Cespedes Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 23 of the Complaint and, therefore, deny all such allegations.

24.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 24 of the Complaint and, therefore, deny all such allegations.

25.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 25 of the Complaint and, therefore, deny all such allegations.

26.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 26 of the Complaint and, therefore, deny all such allegations.

27.     The Cespedes Defendants are without knowledge regarding the allegations contained in Paragraph 27 of the Complaint and, therefore, deny all such allegations.

28.     The Cespedes Defendants admit that Carlos M. de Cespedes and Jorge L. de Cespedes were on the Board of Directors of the Company and deny all remaining allegations in Paragraph 28 of the Complaint.

## FACTUAL BACKGROUND

### The Company and its Culture of Fraud

29.     The Cespedes Defendants admit the allegations contained in the first sentence of Paragraph 29 of the Complaint and deny the remaining allegations contained in Paragraph 29.

30.     The Cespedes Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     The Cespedes Defendants deny that they utilized any scheme to support lavish lifestyles and/or any lifestyle of any other person.  The Cespedes Defendants are without sufficient knowledge to respond to the remaining allegations contained in Paragraph 31 of the Complaint and, therefore, deny all such allegations.

32.     The Cespedes Defendants deny the allegations contained

33.     The Cespedes Defendants deny the allegations contained in the first sentence of Paragraph 33 of the Complaint.  The Cespedes Defendants are without sufficient knowledge to respond to the remaining allegations contained in Paragraph 33 and, therefore, deny all such allegations.

ADV. PR. NO. 08-01828-BKC-RAM

34.     The Cespedes Defendants deny the allegations contained in the first sentence of Paragraph 34 of the Complaint.  The remaining allegations contained in Paragraph 34 refer to and characterize "Plea Agreements", which speak for themselves; therefore, the Cespedes Defendants deny all such allegations.

35.     The Cespedes Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     The Cespedes Defendants deny the allegations contained in Paragraph 36 of the Complaint, some of which refer to and characterize Consolidating Balance Sheets, which speak for themselves.

37.     The Cespedes Defendants deny the allegations contained in Paragraph 37 of the Complaint, some of which refer to and characterize the Consolidating Statement of Operations for the Year ended December 31, 2005, which speaks for itself.

### The Avoidable Transfers

38.     The Cespedes Defendants admit that the Company paid certain cash dividends in 2003 and 2004, and deny the remaining allegations contained in Paragraph 38 of the Complaint.

39.     The Cespedes Defendants admit that the Company entered into certain stock redemption agreements with certain shareholders.  The remaining allegations contained in Paragraph 39 of the Complaint refer to and characterize certain "Stock Redemption Agreements" that speak for themselves; thus, the Cespedes Defendants deny all such allegations.

40.     The Cespedes Defendants deny the allegations contained in Paragraph 40 of the Complaint.

ADV. PR. NO. 08-01828-BKC-RAM

41.      The Cespedes Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.      The Cespedes Defendants deny the allegations contained in Paragraph 42 of the Complaint.

## COUNT I
## AVOIDANCE OF DIVIDENT PAYMENTS
## AS ACTUAL FRAUDULENT CONVEYANCES
## PURSUANT TO 11 U.S.C. § 544(b) and DEL. CODE ANN. TIT. 6, § 1304(a)(1)
### *(Against All Defendants)*

43.      The Cespedes Defendants re-assert their answers to paragraphs 1-42 of the Complaint, as set forth in paragraphs 1-42 of this Answer.

44.      The Cespedes Defendants admit that the Company made, and the Cespedes Defendants received, certain dividend payments and are without knowledge regarding the remaining allegations contained in Paragraph 44 of the Complaint.

45.      The Cespedes Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.      The Cespedes Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.      The Cespedes Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.      Paragraph 48 of the Complaint states legal conclusions that do not require a response by the Cespedes Defendants and refers to and characterizes statutes that speak for themselves.   To the extent Paragraph 48 contains any factual allegations, the Cespedes Defendants deny all such allegations.

ADV. PR. NO. 08-01828-BKC-RAM

## COUNT II
### AVOIDANCE OF 4TH QUARTER 2003 DIVIDENDS, 1ST QUARTER 2004 DIVIDENDS, 2ND QUARTER 2004 DIVIDENDS, AND STOCK REDEMPTION PAYMENTS AS CONSTRUCTIVE FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. § 544(b) AND DEL. ANN. TIT. 6, §§ 1304(a)(2), 1305(a)
*(Against All Defendants)*

49.     The Cespedes Defendants re-assert their answers to paragraphs 1-42 of the Complaint, as set forth in paragraphs 1-42 of this Answer.

50.     The Cespedes Defendants admit that the Company paid, and the Cespedes Defendants received, certain dividends and stock redemption payments and are without knowledge regarding the remaining allegations contained in Paragraph 50 of the Complaint.

51.     The Cespedes Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     The Cespedes Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     The Cespedes Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint states legal conclusions that do not require a response by the Cespedes Defendants and refers to and characterizes statutes that speak for themselves.   To the extent Paragraph 54 contains any factual allegations, the Cespedes Defendants deny all such allegations.

## COUNT III
### THE DIVIDEND PAYMENTS WERE UNLAWFUL AND AVOIDABLE UNDER 11 U.S.C. § 544(b) and DEL. CODE ANN. TIT. 8, §§ 160, 170, 174(a)
*(Against Directors Perez, Carlos de Cespedes, and Jorge de Cespedes)*

55.     The Cespedes Defendants re-assert their answers to paragraphs 1-42 of the Complaint, as set forth in paragraphs 1-42 of this Answer.

56.     The Cespedes Defendants admit that the Company made, and the Cespedes Defendants received, certain dividend payments, and are without knowledge regarding the remaining allegations contained in Paragraph 56 of the Complaint.

57.     The Cespedes Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     The Cespedes Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     The Cespedes Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     The Cespedes Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     The Cespedes Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint states legal conclusions that do not require a response by the Cespedes Defendants and refers to and characterizes statutes that speak for themselves.   To the extent Paragraph 62 contains any factual allegations, the Cespedes Defendants deny all such allegations.

## COUNT IV
## RECOVERY OF AVOIDABLE TRANSFERS
## PURSUANT TO 11 U.S.C. § 550

As set forth above, this Count should be dismissed because it is barred by the applicable statute of limitations.

63.     The Cespedes Defendants re-assert their answers to paragraphs 1-62 of the Complaint, as set forth in paragraphs 1-62 of this Answer.

64.     Paragraph 64 of the Complaint states legal conclusions that do not require a response by the Cespedes Defendants and refers to and characterizes a statute that speaks for itself.  To the extent Paragraph 64 contains any factual allegations, the Cespedes Defendants deny all such allegations.

**COUNT V**
**THE DIVIDEND PAYMENTS WERE UNLAWFUL IN VIOLATION OF**
**DEL. CODE ANN. TIT. 8, §§ 160, 170, 174(a) AND DELAWARE COMMON LAW**
*(Against All Defendants)*

65.     The Cespedes Defendants re-assert their answers to paragraphs 1-62 of the Complaint, as set forth in paragraphs 1-62 of this Answer.

66.     The Cespedes Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     The Cespedes Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     The Cespedes Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     The Cespedes Defendants deny the allegations contained in Paragraph 69 of the Complaint.

**GENERAL DENIAL**

The Cespedes Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a cause of action upon which relief can be granted and, thus, should be dismissed.

2.      The claims alleged in Counts I, II and IV of the Complaint should be dismissed because they fail to "state with particularity the circumstances constituting fraud . . . .", as required under Federal Rule of Civil Procedure 9(b), as incorporated by Federal Rule of Bankruptcy Procedure 7009(b).  *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66 (2007) (determining that a plaintiff must allege specific facts that "plausibly suggest[]" that the defendant violated the law in order to survive a motion to dismiss); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008); *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1370-71 (11th Cir. 1997); *O.P.M. Leasing Services, Inc. v. Zimmerman*, 32 B.R. 199, 203-204 (S.D.N.Y. 1983) (quoting *In re Hart*, 461 F. Supp. 328, 330 (E.D. Ark. 1978) ("fair notice requires something more than a quotation from the statute").  Plaintiff has failed to support its actual fraud claims with sufficient facts, and thus has failed to state a claim upon which relief can be granted for such claims.

3.      The Complaint fails to state an actual fraud claim in Counts I, II, and IV upon which relief can be granted because Plaintiff has failed to provide any supporting facts demonstrating a causal connection between the alleged fraud of the Company and each of the transfers Plaintiff seeks to avoid.

4.      The Complaint fails to state an actual fraud claim in Counts I, II, and IV upon which relief can be granted because Plaintiff has failed to provide any supporting facts demonstrating the Company's actual intent at the time of each of the transfers Plaintiff seeks to avoid.

ADV. PR. NO. 08-01828-BKC-RAM

5.      The Complaint fails to state a claim for constructive or actual fraudulent transfer, or any claim under Delaware law, because Plaintiff has failed to allege sufficient facts to support the Company's insolvency, at the time of each of the transfers Plaintiff seeks to avoid, or following each such transfer.

6.      All of the claims alleged in the Complaint (collectively, the "Claims") are barred by the applicable statutes of limitations and/or latches because Plaintiff failed to timely assert them after having notice of the transfers at issue.  *See* Del. Code Ann. Tit. 6, § 1309; Del. Code Ann. Tit. 8.  Plaintiff's claims to avoid and recover certain of the transfers at issue in Counts I, II and IV of the Complaint should be dismissed because such claims were extinguished prior to the filing of the Complaint, pursuant to the applicable statute of limitations.  *See* Del. Code Ann. Tit. 6, § 1309; *In the Matter of Mediators, Inc.*, 190 B.R. 515, 526 (S.D.N.Y. 1995) (dismissing four fraudulent transfer claims brought pursuant to 11 U.S.C. § 544 on grounds that such claims were untimely filed under the applicable statute of limitations).

In particular, in Counts I and IV, Plaintiff seeks to avoid and recover, among other things, the 1st Quarter 2003 Dividends ($18,119,459.47), the 2nd Quarter 2003 Dividends ($11,400,368.80), and the 3rd Quarter 2003 Dividends ($4,763,588.81), all of which dividends were paid to Defendants on or before September 8, 2003, and thus more than four (4) years prior to the Petition Date.  Therefore, pursuant to the applicable statute of limitations, Plaintiff may only seek to avoid such transfers pursuant to 11 U.S.C. § 544 and Del. Code Ann. Tit. 6, § 1304(a)(1) (Count I), and to recover such transfers under 11 U.S.C. § 550 (Count IV), if Plaintiff, invoking the one-year discovery period exception, can establish that it did not discover and could not reasonably have discovered the transfers at issue until after December 7, 2007, one year before this adversary proceeding was filed on December 8, 2008.

ADV. PR. NO. 08-01828-BKC-RAM

As a threshold matter, in order to take advantage of the one-year discovery period of the applicable statute of limitations (Del. Code Ann. Tit. 6, § 1309(1)), a plaintiff must allege facts in the complaint demonstrating that it is entitled to do so. *See In re: Multi-Risk Management, Inc.*, 1998 WL 5660441, *3 (Bankr. N.D. Ill. 1998) (emphasis added) (dismissing claim for fraudulent transfer where complaint failed to make any allegations regarding the failure of creditors to discover the transfer earlier or why it could not have reasonably been discovered earlier) (citing *Gilbert Bros., Inc. v. Gilbert*, 630 N.E.2d 189, 192 (Ill. App. 4th 1994) ("An action brought under the [Illinois UFTA] is time barred unless the complaint contains an explanation of why discovery of the alleged fraud could not have occurred prior to the expiration of the limitations period.")). Plaintiff has failed to allege when the transfers were discovered or reasonably could have been discovered, including why they were discovered so late (*i.e.*, after the Meeting of Creditors on December 5, 2007), and why Plaintiff could not have discovered them earlier. Further, Plaintiff has failed to allege that the Company or its principals, including Defendants, fraudulently, or otherwise improperly, concealed the transfers and/or their avoidability, or concealed that the Company was insolvent at the time the transfers were made. *Cf. Supreme Bakery, Inc. v. Bagley*, 742 A.2d 1202, 1203-05 (R.I. 2000) (determining that creditor was on notice of transfer where deed had been filed, creditor knew of debtors' address, nothing suggested improper concealment, and creditor had been alerted that the debtors were considering filing for bankruptcy). Therefore, Plaintiff is precluded from invoking the discovery period.

Even if Plaintiff had made the allegations necessary to invoke the discovery period exception, Plaintiff cannot satisfy its requirements. While Plaintiff may not have *actually* discovered the 1st, 2nd and 3rd Quarter 2003 Dividends prior to December 8, 2007 (one year before it filed this adversary proceeding), any argument that Plaintiff or its predecessors-in-

13

ADV. PR. NO. 08-01828-BKC-RAM

interest *could not have reasonably discovered* those transfers until that date or thereafter is simply not credible.   To be sure, before December 8, 2007, more than one year prior to Plaintiff's filing of this adversary proceeding on December 8, 2008, Plaintiff's predecessors-in-interest were organized into an official committee [C.P. 69], were represented by legal counsel [C.P. 103], had retained financial advisors and forensic accountants [C.P. 131], had access to each of the Company's Schedules and Statements of Financial Affairs [C.P. 111, 113, 115, 117, 119], and had the opportunity to question the Company at the Meeting of Creditors [C.P. 150].[2] The foregoing events (each of which could have started the clock ticking on the one-year discovery period under the statute of limitations) took place more than one year prior to Plaintiff's filing this adversary proceeding.   If Plaintiff or its predecessors-in-interest had not discovered the transfers at issue on or before December 8, 2007, it was the result of their own neglect or omission.  *See Roost v. Kern*, 2006 WL 4528530, *2 (Bkrtcy.D.Or. 2006) (holding that action was barred by statute of limitations because, assuming that party was an unsecured creditor with an allowable claim, the party would have learned of the transfer on the date of the meeting of creditors).

7.      Plaintiff lacks standing to bring the Claims alleged in Counts III and V of the Complaint because the Company (as defined in the Complaint) has no right of action under Del. Code Ann. Tit. 8, §§ 160, 170 or 174(a) to rescind or otherwise undo stock redemptions or dividend payments to shareholders and to recover amounts paid to those shareholders pursuant thereto.

8.      Plaintiff lacks standing to bring the Claims alleged in Counts III and V of the Complaint because the *Second Amended Joint Liquidating Chapter 11 Plan of the Debtors and*

---

[2]  A review of the transcript of the Meeting of Creditors reveals that Plaintiff's predecessors-in-interest did not question the Debtor regarding transfers, including dividend payments and stock

the Joint Committee of Creditors Holding Unsecured Claims (the "Plan") and the *Disclosure*

*Statement in Connection with the Second Amended Joint Liquidating Chapter 11 Plan of the*

*Debtors and the Joint Committee of Creditors Holding Unsecured Claims* (the "Disclosure

Statement") do not:  (i) grant Plaintiff the authority to bring claims pursuant to Del. Code Ann.

Tit. 8, §§ 160, 170 or 174(a); (ii) adequately disclose Plaintiff's authority to bring such claims;

and (iii) identify the Cespedes Defendants as potential targets to Avoidance Claims (as defined in

the Plan and Disclosure Statement).

9.    Plaintiff lacks standing to bring the claims alleged in Counts I, II, and IV of the

Complaint because, under Del. Code Ann. Tit. 6, § 1307, only a creditor may seek the avoidance

of a transfer or obligation pursuant to Del. Code Ann. Tit. 6, §§ 1301, *et seq.*, and Plaintiff, as a

post-confirmation debtor is neither a creditor of the Company nor authorized to stand in the

shoes, or assert claims on behalf, of any of the Company's creditors.

10.    The Claims are barred by the doctrine of *res judicata* because they should have

been brought prior to the confirmation of the Plan when all claims and issues related to the

Company and their rights and liabilities were finally resolved.  Further, such claims were not

expressly reserved prior to or under the Plan or the Disclosure Statement, for Plaintiff, the

creditors, or any other party to pursue post-confirmation in order to avoid the preclusive effect of

*res judicata*.  *See Sure-Snap Corp. v. Bradford National Bank*, 128 B.R. 885, 889 (D. Vt. 1991)

(citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (discussing doctrine of *res judicata*); *see also*

11 U.S.C. § 1123(b)(3).  All four elements of *res judicata* are satisfied here:  (i) confirmation

order was entered by court of competent jurisdiction, (ii) confirmation order is a final judgments

judgment on the merits; (iii) Plaintiff's and Defendants respective privies were parties to the

confirmation proceeding (Plaintiff is privy of Creditors' Committee and Defendants are privies

_____

redemptions, to Defendants or any officers, directors or shareholders, or the Debtor's solvency,

of the Company); and (iv) both the instant action and the confirmation proceeding involve the distribution of the Company's prepetition assets and resolution of their rights and liabilities.  *See Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002) (citing *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 463 (6th Cir. 1991)) (finding that confirmation has the effect of a final judgment on all issues that were raised or could have been raised in the confirmation proceedings).

General retention clauses, like those in the Plan and the Disclosure Statement, do not suffice to avoid the barring effect of *res judicata.  See Browning*, 283 F.3d at 774-75; *Kelley v. South Bay Bank (In re Kelley)*, 199 B.R. 698, 704 (9th Cir. 1996).   To sufficiently reserve a claim, the cause of action must be specifically identified and must, at the very least, name the prospective defendant and state the factual basis for the purported claim.  *See D&K Properties Crystal Lake v. Mutual Life Ins. Co. of New York*, 112 F. 3d 257, 261 (7th Cir. 1996); *Browning*, 283 F.3d at 775 (noting that blanket reservations neither name the defendant nor state the factual basis for the reserved claims); *Kelley*, 199 B.R. at 704 (holding that a plan and disclosure statement failed to adequately retain a cause of action, even where the disclosure statement specifically mentioned the possibility of a cause of action against the defendant, because none of the facts giving rise to the cause of action were disclosed); SouthTrust Bank, N.A. v. WCI Outdoor Products, Inc. (In the Matter of Huntsville Small Engines, Inc.), 228 B.R. 9, 13-14 (N.D. Ala. 1998) (holding that debtor's failure to disclose the potential cause of action against the defendant was "misleading" and "ineffective" to retain alleged preference actions); In re Crowley, Milner and Co., 299 B.R. 830, 850 (E.D. Mich. 2003) (noting that the plan neither named the defendant nor described the factual basis for the claim).  Because the retention clauses in the Plan and the Disclosure Statement do not expressly name any of the Claims, the facts

more than one year prior to the Petition Date.

underlying those claims, or the Cespedes Defendants as potential defendants, they do not avoid the barring effect of *res judicata* and, thus, the confirmation order bars those Claims pursuant to that doctrine.

11.     The Claims are barred, pursuant to Del. Code Ann. Tit. 8, § 160(a)(1), to the extent that, with respect to the stock redemptions at issue, the Company purchased or redeemed out of capital any of the its own shares which were entitled upon any distribution of its assets, whether by dividend or in liquidation, to a preference over another class or series of its stock, or if no shares entitled to such a preference were outstanding, any of its own shares, if such shares were to be retired upon their acquisition and the capital of the Company reduced in accordance with Del Code Ann. Tit. 8, §§ 243 and 244.

12.     The Claims are barred to the extent the dividend payments and/or stock redemptions at issue were transacted through a securities broker.  *See PHP Liquidating, LLC v. Robbins*, 291 B.R. 603 (D. Del. 2003), *affirmed* 128 Fed. Appx. 839, 2005 WL 488785 (3d Cir. 2005).

13.     The Company did not have creditors with allowable claims at the time that the Company made the Dividend Payments and the Stock Redemption Payments (as those terms are defined in the Complaint) to the Cespedes Defendants that Plaintiff seeks to avoid and recover as fraudulent and/or otherwise improper transfers (collectively, the "Transfers").

14.     The Company did not make the challenged Transfers with the actual intent to hinder, delay, or defraud the Company's creditors.  Rather, the Company made the Transfers (i) before the Cespedes Defendants provided new value to or for the benefit of the Company, (ii) in the ordinary course of business or financial affairs of the Company and the Cespedes Defendants, as insiders of the Company, and/or (iii) pursuant to a good-faith effort to rehabilitate

the Company and the Transfers secured present value given for that purpose as well as an antecedent debt of the Company.

15.      The Company neither was insolvent, as defined under Del. Code. Ann. Tit. 6, §1302 and all other applicable definitions thereof, on the dates the Company made the Transfers, nor became insolvent as a result of those Transfers.

16.      The Company made the Transfers in good faith and in exchange for reasonably equivalent value, as defined under Del. Code. Ann. Tit. 6, §1303 and all other applicable definitions thereof, and therefore is barred by Del. Code. Ann. Tit. 6, § 1308(a).

17.      To the extent the Cespedes Defendants received any of the transfers Plaintiff seeks to avoid, either as immediate or mediate transferee, they did so for value, in good faith, and without knowledge of the alleged voidability of those transfer under 11 U.S.C. § 550(b)(1) or any other applicable law.

18.      The Cespedes Defendants had no knowledge of the alleged insolvency of the Company during all times relevant to the Claims alleged in the Complaint.

19.      At the time that the Company made the Transfers, the Company (i) was not insolvent and did not become insolvent as a result of those transfers, (ii) was not engaged or about to engage in a business for which remaining assets constituted were unreasonably small in relation to the business or transaction, and (iii) did not know, intend or believe, and should not have reasonably believed that the debts incurred in its business would be beyond its ability to pay as such debts became due.

20.      Pursuant to Del. Code. Ann. Tit. 6, § 1308(b), to the extent any of the Transfers are avoidable under Del. Code. Ann. Tit. 6, § 1307(a) or any other applicable law, Plaintiff's recovery is limited to the amount necessary to satisfy the claims of the Company's creditors.

21.     Pursuant to Del. Code. Ann. Tit. 6, § 1308(c), to the extent any of the Transfers are avoidable under Del. Code. Ann. Tit. 6, § 1307(a) or any other applicable law, Plaintiff's recovery is limited to the value of assets transferred at the time of each transfers.

22.     Pursuant to Del. Code. Ann. Tit. 6, § 1308(d), to the extent any of the Transfers are avoidable under Del. Code. Ann. Tit. 6 or any other applicable law, the Cespedes Defendants, as good-faith transferees or obligees, are entitled, to the extent of the value they provided to the Company for the Transfers, to:  (i) a lien on or a right to retain any interest in the asset transferred; (ii) enforcement of any obligation incurred; and/or (iii) a reduction in the amount of the liability on any judgment entered for avoidance and recovery of the Transfers.

23.     Pursuant to Del. Code. Ann. Tit. 6, § 1308(f)(1), the Transfers are not avoidable under Del. Code. Ann. Tit. 6 or any other applicable law to the extent the Cespedes Defendants, as insiders of the Company, gave new value to or for the benefit of the Company after the Transfers were made.

24.     Pursuant to Del. Code. Ann. Tit. 6, § 1308(f)(2), the Transfers are not avoidable under Del. Code. Ann. Tit. 6 or any other applicable law because they were made in the ordinary course of business or financial affairs of the Company and the Cespedes Defendants, as insiders of the Company.

25.     Pursuant to Del. Code. Ann. Tit. 6, § 1308(f)(3), the Transfers are not avoidable under Del. Code. Ann. Tit. 6 or any other applicable law because they were made pursuant to a good-faith effort to rehabilitate the Company and the Transfers secured present value given for that purpose as well as an antecedent debt of the Company.

26.     At the time that the Company made the Transfers, the value of the Company's assets was more than the aggregate amount of all the shares of the Company's Common Stock;

therefore, the Company had a surplus when it made the Transfers, as "surplus" is defined under Del. Code. Ann. Tit. 8, § 154 and any other applicable law.

27.     At the time that the Company made the Transfers, there existed net profits and/or net assets from which the Company could make the Transfers for the fiscal year in which each of the Transfers were made and/or the preceding fiscal year, as "net assets" is defined under Del. Code. Ann. Tit. 8, § 154 and any other applicable law.

28.     At the time that the Company made the Transfers, the Company's capital was not impaired, and the Transfers did not impair the Company's capital, as "capital" is defined under Del. Code. Ann. Tit. 8, § 154 and any other applicable law.

29.     Counts III and V fail to state a claim upon which relief may be granted to the extent they rely on Del. Code Ann. Tit. 8, § 170 to provide relief for allegedly improper payments of dividends.  Section 170 does not provide a remedy for payment of dividends made in violation of that section or even in violation of any section under Title 8 of the Delaware Code.

30.     The Transfers were not unlawful or improper pursuant to Del. Code. Ann. Tit. 8, §§ 160, 170 or 174(a), or any other applicable law.

31.     At the time the Cespedes Defendants received the Transfers, they had no knowledge of any facts indicating that the Transfers were unlawful or improper pursuant to Del. Code. Ann. Tit. 8, §§ 160, 170 or 174(a), or any other applicable law.  At all material times, the Cespedes Defendants acted in good faith and in a reasonable manner based on reasonable interpretations of the Company's financial condition.

32.     The Cespedes Defendants did not, in bad faith, redeem any stock underlying the Transfers.

33.     As a direct or proximate result of the Transfers, the Company did not suffer any damages for which Plaintiff is entitled to recover any amount from any of the Cespedes Defendants.

34.     Pursuant to the doctrine of setoff and/or recoupment, the Claims are subject to reduction by the amount of value and/or consideration in the form of services and/or funds that the Cespedes Defendants provided to the Company in exchange for the Transfers or after the Transfers were made.

35.     Pursuant to the doctrine of setoff and/or recoupment, the Claims are subject to a reduction by the amount that the Company owed to the Cespedes Defendants pursuant to their positions as officers, directors and/or shareholders of the Company.

36.     The Claims are barred, pursuant to the business judgment rule, because, with respect to the Stock Redemptions and Dividend Payments, the Cespedes Defendants acted reasonably, in good faith, and in the best interest of the Company, and the Transfers were made in exchange for reasonably equivalent value and/or adequate consideration.

37.     The Claims against the Cespedes Defendants are barred, all or in part, by intervening actions of third parties (including other defendants to this adversary proceeding), which caused the losses or damages allegedly sustained by the Company and its creditors.

38.     The alleged actionable conduct alleged in the Complaint occurred outside the knowledge and control of the Cespedes Defendants.

39.     The Claims are barred on the basis of the waiver of Plaintiff and/or its predecessors-in-interest.

40.     The Claims are barred by the doctrine of judicial estoppel.

41.     The Claims are barred by the doctrine of equitable estoppel.

ADV. PR. NO. 08-01828-BKC-RAM

## DEMAND FOR JURY TRIAL

The Cespedes Defendants hereby demand a jury trial on all issues so triable in the above-captioned Adversary Proceeding.  By making this demand for a jury trial, Defendants do not waive any defenses or affirmative defenses that it has asserted in this Adversary Proceeding and do not voluntarily submit to the jurisdiction of the above-captioned Bankruptcy Court or consent to the Bankruptcy Court conducting the jury trial for this Adversary Proceeding.


Dated: July 27, 2009.
        Miami, Florida.


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 2090-1

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

Respectfully submitted,

DAMIAN & VALORI LLP
*Counsel for the Cespedes Defendants*
1000 Brickell Avenue, Suite 1020
Miami, Florida  33131
Telephone:  305.371.3960
Facsimile:  305.371.3965

By: /s Kenneth Dante Murena
        Melanie E. Damian, P.A.
          Florida Bar No. 099392
          Email:  mdamian@dvllp.com
        Kenneth Dante Murena, P.A.
          Florida Bar No. 147486
          Email:  kmurena@dvllp.com

ADV. PR. NO. 08-01828-BKC-RAM

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy was served on all parties on the

**Service List** below by electronic notice through the CM-ECF system, on this 27th day of July,

2009.

<u>s/ Kenneth Dante Murena</u>
Kenneth Dante Murena

## <u>SERVICE LIST</u>

Scott L. Baena, Esq
   Email:  sbaena@bilzin.com
Jay M. Sakalo, Esq.
   Email:  jsakalo@bilzin.com
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
*Counsel for Plaintiff*
200 South Biscayne Boulevard, Suite 2500
Miami, Florida  33131
Telephone:  305.374.7580
Facsimile:   305.374.7593

John H. Genovese, Esq.
   Email:  jgenovese@gjb-law.com
David C. Cimo, Esq.
   Email:  dcimo@gjb-law.com
GENOVESE JOBLOVE & BATTISTA, P.A.
*Counsel for Defendants, Bertin J. Perez, Bruce Paul,*
 *Lawrence Richardson, Leopoldo A. Garcia, Bertin*
  *Henry Perez and Maria Luis Perez as Co-Trustees*
   *Under the Bertin J. Perez Irrevocable Trust,*
    *William A. Baldwin, and James Oliver*
Bank of America Tower
100 Southeast 2nd Street, 44th Floor
Miami, Florida  33131
Telephone:  305.349.2300
Facsimile:   305.349.2310

Silvio Amico, Esq.
   Email:  silvioam@bellsouth.net
*Counsel for Defendant, Alejandro Lazaro*
6401 Southwest 87th Avenue, Suite 120
Miami, Florida  33173
Telephone:  305.596.4774
Facsimile:  305.596.3812